**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM M. ESTEY, | No. 13-36223 |
| Petitioner - Appellant, | D.C. No. 6:12-cv-01430-CL |
| v. | |
| JEFF PREMO, Superintendent; STATE OF OREGON, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted November 21, 2014[**]
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

William M. Estey appeals the denial by the district court of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C.

§§ 1291 and 2253, and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** A federal court can only grant habeas relief to a state prisoner if a state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C § 2254(d)(1). An unreasonable decision is one that is "so lacking in justification" that it is "beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011)).

**2.** Estey has not established that the decision of the Oregon Court of Appeals rejecting his double jeopardy claim was unreasonable.[1] Estey was aware from the outset that his sentence was 225 months, and could not legitimately have believed that any alleged ambiguity in the written judgment changed the oral sentence. The state court's determination that the trial court did not violate the Double Jeopardy Clause by amending the written judgment to clearly conform to the oral sentence was not unreasonable.

**AFFIRMED**.

---

[1] The Oregon Court of Appeals rejected Estey's double jeopardy claim without discussion. However, if after an independent review of the record this court finds the decision of the state court reasonable, there can be no relief under § 2254(d). *See Greene v. Lambert*, 288 F.3d 1081, 1088–89 (9th Cir. 2002).

2